Trezevant, J.
being of opinion that this proof of the deed was not sufficient, nonsuited the plaintiff. And now upon this motion, Egan, for the plaintiff, cited 7 R. 261.
The court were of opinion that the deed should have been left to the jury, upon prooí of the handwriting of Bunzie, the evidence given. That ii was not absolutely necessary to prove the witness actually dead, or absent, in order to be intitled to give evidence of his signature, or handwriting: but if it appears that the party has used reasonable diligence to find the witness, or ascertain what has bq *395 come of him, it is sufficient. Inquiry, to be sure, ought to be made at the places where it is most probable that information of the witness may be obtained, as at the places of residence of the obligor, or grantor, and obligee, or grantee. 2 East, 183. Doug, 93. 7 T R. 262, 263. The only question in this case is, whether the plaintiff has used due diligence with a view to find what has become of this man. If he has made u.eof reasonable diligence, and has been unable to obtain any information respecting the witness, he has done enough to intitle him to give evidence of the handwriting ; and if the hand wiring cannot he proved after such a, lapse of time, iu a case like this, where the handwriting of two other subscribing witnesses, aud also the hand of the grantor, have been proved, the deed may he permitted to go to the jury, and they may presume that the signature of the third witness is bis handwriting. If no account can be given of him, it will be presumed that he is either de.-d, or absent beyond the process of the court. 1 Bos. & Pul. 360.
Nonsuit set aside, and a new trial granted.
Present, Orimke, Waties, Johnson, Trezevant, and Beevard, Justices ; Bay, J. absent.
Note fn the book last cited, it appears that a bond was executed abroad; and that one attesting witness was dead, and the other beyond the process of the court: and it was ruled, that the handwritina ot one of them alone was necessary to be proved The case of a deed is different from the case of a will. Vide Hopkins v. Albertson, ante, 240.